**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH D. WITHERS,

      Petitioner,          Civil No. 2:15-CV-12314
                              HONORABLE DENISE PAGE HOOD
v.                        CHIEF UNITED STATES DISTRICT JUDGE

TONY TRIERWEILER,[1]

      Respondent.
_____/

**OPINION AND ORDER PERMITTING PETITIONER TO FILE AN**
**AMENDED PETITION FOR A WRIT OF HABEAS CORPUS AND**
**HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS**
**CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

    Kenneth D. Withers, ("Petitioner"), confined at the Bellamy Creek

Correctional Facility in Ionia, Michigan, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro*

*se*, petitioner challenges his convictions for first degree criminal sexual

conduct (CSC I) under alternate theories, M.C.L.A. 750.520b(1)(c)

(penetration during the commission of any other felony) and M.C.L.A.

750.520b(1)(f)(force or coercion), as well as kidnapping, M.C.L.A.

_____

[1] At the time the habeas petition was filed, Kenneth McKee was the Respondent warden. Petitioner has been moved and is now housed at the Bellamy Creek Correctional Facility, where his warden is Tony Trierweiler. The caption is amended to reflect the change.

1

750.349(1)(c).  Petitioner was sentenced to concurrent sentences of 8 to 15 years' imprisonment.  Petitioner has now filed a Complaint for Writ of Habeas Corpus, which is construed as a motion to amend the petition for writ of habeas corpus.  For the reasons that follow, the motion to amend the petition is GRANTED.  However, petitioner is seeking to add a new claim that has not yet been exhausted with the state courts.  In lieu of dismissing the original and amended petitions, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims.  If this fails, the petition will be dismissed without prejudice.  The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Withers*, No. 312252, 2013 WL 6481217, at *1 (Mich. Ct. App. Dec. 10, 2013); *lv. Den.* 847 N.W.2d 641 (Mich. 2014).

On June 22, 2015, petitioner filed his application for a writ of habeas corpus, in which he seeks habeas relief on the claims that he raised in the

2

Michigan appellate courts on his direct appeal.[2]

Respondent filed an answer to the petition on September 8, 2015.

On October 23, 2015, petitioner filed an amended petition for a writ of

habeas corpus, entitled Complaint for Writ of Habeas Corpus, in which he

seeks relief on an additional claim. (Doc. # 8).  This claim has yet to be

exhausted with the state courts.

## II.  Discussion

Petitioner has filed an amended petition for a writ of habeas corpus,

in which he raises a Double Jeopardy claim.  Although petitioner has not

separately filed a motion to amend the petition, the Complaint for Writ of

Habeas Corpus should be construed as a motion or request to amend the

petition for writ of habeas corpus, because it was filed before the

adjudication of the original petition for a writ of habeas corpus. *See Woods

v. Carey,* 525 F.3d 886, 888-90 (9th Cir. 2008); *Grullon v. Ashcroft*, 374

F.3d 137, 138 (2nd Cir. 2004).

The decision to grant or deny a motion to amend a habeas petition is

within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680,

---

[2] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on June 22, 2015, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15.  Notice and substantial

prejudice to the opposing party are the critical factors in determining

whether an amendment to a habeas petition should be granted. *Coe v.*

*Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998).  A motion to amend a habeas

petition may be denied when it has been unduly delayed and when

allowing the motion would prejudice the nonmovant. *Smith v. Angelone*,

111 F.3d 1126, 1134 (4th Cir. 1997)(internal citations omitted).  However,

delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at

342.

The Court will permit petitioner to amend his petition.  Petitioner's

proposed amended habeas petition advances a new claim that may have

arguable merit, was not the subject of undue delay, and would not unduly

prejudice respondent.  Accordingly, the motion to amend should be

granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995).  There is no

indication that allowing the amendment would cause any delay to this Court

nor is there any evidence of bad faith on petitioner's part in bringing the

motion to amend or prejudice to respondent if the motion is granted. *See*

*Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).  Additionally, because

petitioner has filed this motion to amend the petition before the Court has

4

adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

Petitioner's amended habeas petition, however, contains a claim that has yet to be exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a

5

district court. *Id.* Federal district courts must dismiss mixed habeas

petitions which contain both exhausted and unexhausted claims. *See Pliler*

*v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510,

522 (1982). The failure to exhaust state court remedies may be raised *sua*

*sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806

(E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

The only concern that the Court has in dismissing the current petition

involves the possibility that petitioner might be precluded pursuant to the

one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from

re-filing a petition for writ of habeas corpus following the exhaustion of his

new claim in the state courts. A common circumstance calling for abating a

habeas petition arises when the original petition was timely filed, but a

second, exhausted habeas petition would be time barred by the AEDPA's

statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th

Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is

concerned about the possible effects of his state post-conviction filings on

the AEDPA's statute of limitations could file a "protective" petition in federal

court and then ask for the petition to be held in abeyance pending the

exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,*
544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A
federal court may stay a federal habeas petition and hold further
proceedings in abeyance pending resolution of state court post-conviction
proceedings, if there is good cause for failure to exhaust and the
unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.[3]

 Petitioner's claims do not appear to be "plainly meritless." *Wagner v.
Smith,* 581 F.3d at 419. Further, petitioner may assert that he did not
previously raise these claims in the state courts due to the ineffective
assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not
appear that petitioner has engaged in "intentionally dilatory tactics."

 When a district court determines that a stay is appropriate pending
exhaustion of state court remedies, the district court "should place
reasonable time limits on a petitioner's trip to state court and back." *Rhines,*
544 U.S. at 278. To ensure that petitioner does not delay in exhausting his
state court remedies, the Court imposes upon petitioner time limits within
which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.
2002). Petitioner must present his claims in state court by filing a post-

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner
did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7
(6th Cir. 2005).

conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.*  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714,

8

717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains his original and newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of

9

Court to **CLOSE** this case for statistical purposes only.  Nothing in this

order or in the related docket entry shall be considered a dismissal or

disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the

habeas petition following exhaustion of state remedies, the Court may

order the Clerk to reopen this case for statistical purposes.

**<u>s/ Denise Page Hood</u>**
**HON. DENISE PAGE HOOD**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 14, 2016**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 14, 2016.

<u>  s/Kelly Winslow for   </u>
La Shawn Saulsberry
Case Manager for Chief Judge Denise Page Hood