# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KENNETH D. WITHERS,

    Petitioner,        Civil No. 2:15-CV-12314
                         HONORABLE DENISE PAGE HOOD
v.                      CHIEF UNITED STATES DISTRICT JUDGE

MELINDA BRAMAN,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Kenneth D. Withers, ("Petitioner"), confined at the Parnall Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of first degree criminal sexual conduct (CSC I) under alternate theories, M.C.L.A. § 750.520b(1)(c)(penetration during the commission of any other felony), and M.C.L.A. § 750.520b(1)(f)(force or coercion), as well as kidnapping, M.C.L.A. § 750.349(1)(c).  Petitioner was sentenced to concurrent sentences of 8 to 15 years' imprisonment.  For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

1

# I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The victim, an admitted drug addict, testified that she came to Detroit on March 22, 2012, to "get high." The victim had used heroin a couple hours before encountering defendant at a gas station. The victim asked defendant for bus money to get home. Defendant offered her a ride and indicated that he had a few stops to make first. At this point, the victim was not afraid and went willingly. They stopped at a liquor store and also at a "weed" or "crack house." Defendant asked if the victim liked to masturbate. At that point, the victim became fearful and tried to change the subject. Defendant ordered her to masturbate and told the victim that "he wasn't taking me home unless I did what he wanted me to."
>
> Eventually, they stopped at the Hell Raisers Biker Club. They parked in the back parking lot. The victim testified that defendant ordered her to perform fellatio and told her that he would take her home after she helped clean up the club. When the victim tried to take her purse into the club, defendant grabbed it and said she was not taking it inside or talking to anybody. However, she had put her cell phone in her pocket.
>
> Once in the club, defendant retrieved cleaning supplies and ordered the victim to take off her shirt. They cleaned for a while and then defendant pulled the victim's arm and said they were going into the back room. Defendant told her to "get naked" and laid a towel down on a futon. The victim began to cry and asked

if defendant would take her home. Defendant said, "Yeah, if you get me off I will." Defendant told the victim to touch herself. He got on top of her and put his fingers inside her vagina and rectum. She told him it hurt and pushed him away. Defendant tried to have sexual intercourse with her. He put his penis partially into her vagina. At some point, defendant got off of her and she said she had to use the bathroom. Defendant let her go in the bathroom alone. She called 911. Defendant attempted to have sexual intercourse with the victim when she came out of the bathroom, but he was inebriated and having trouble staying awake. She shoved defendant off of her and "bolted out the door" where she encountered police officers. A nurse specializing in sexual assault examinations found injuries that were consistent with the history the victim gave.

Defendant testified that he had consensual sex with the victim on the night in question. He first encountered the victim at the gas station. Defendant agreed to take her home if she would accompany him to a store and to do a quick cleanup of the club.

*People v. Withers*, No. 312252, 2013 WL 6481217, at *1 (Mich. Ct. App. Dec. 10, 2013).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 496 Mich. 859, 847 N.W.2d 641 (2014).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, which was denied. *People v. Withers*, No. 12-004028-FC (Wayne Cty. Cir. Ct. March 1, 2017). The Michigan appellate courts denied petitioner relief. *People v. Withers*, No. 337989 (Mich. Ct. App. July 31, 2017); *lv. den.* No. 156414 (Mich. Sup. Ct. July 3,

2018); 502 Mich. 901, 913 N.W.2d 283 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Ineffective assistance of counsel.

II.  Insufficient evidence.

III. Prosecutorial misconduct.

IV. Double Jeopardy

V.  Ineffective assistance of trial and appellate counsel.

VI. Abuse of discretion when the trial court judge allowed hearsay statements as substantial evidence.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of

4

the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III.  Discussion

### A.  Claim # 1.  The ineffective assistance of trial counsel claim.

In his original petition, petitioner alleges that trial counsel was ineffective by failing to cross-examine the complainant in connection with her mental health history and medications.  In his amended petition, petitioner alleges that trial counsel was ineffective by failing to object to an improper jury instruction, by failing to request DNA, by failing to request rape kit results, by failing to hire a DNA expert, by failing to subpoena the lab technician, by putting forth a consent defense when petitioner testified that he did not have sexual contact with the complainant and when such a defense was not a defense to the alleged offenses, by waiving the preliminary exam, by failing to extensively examine the complainant at the preliminary examination and during trial, and by failing to object to hearsay statements used by the prosecution to cross-examine petitioner.  (ECF 16,

PgID 1131, 1132, 1153, 1154, 1158-1160).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme

Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on

habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Finally, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

As an initial matter, this Court takes notice that petitioner did not raise the bulk of his complaints against trial counsel in his direct appeal or in his motion for relief from judgment in the lower courts. The record reflects that his ineffective assistance of trial counsel claim, raised on his direct appeal, pertains to counsel's failure to examine the complainant on her mental health history and drug use. The Court will address the issue pertaining to the cross-examination of the complainant and consolidate the remaining ineffective assistance of trial counsel claims with the claims that respondent argues are barred by the statute of limitations.

Courts generally entrust cross-examination techniques, like other

9

matters of trial strategy, to the professional discretion of counsel." *Dell v. Straub,* 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). Therefore, "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.*

Although the trial court precluded entry of the medical records into evidence, trial counsel was permitted to question the complainant about her mental health diagnosis or medications taken to treat the condition. (T. 6/22/12, pp. 7-8). The medical record from the sexual assault exam was also admitted at trial. As a result, the jury was given the information that the complainant was on Zoloft and had a history of post-traumatic stress disorder and depression. *People v. Withers*, 2013 WL 6481217, at *3. The Michigan Court of Appeals indicated that this information was raised before the jury, finding that "more likely to have affected the victim's perception and ability to recall was the heroin she had used two hours before meeting defendant." *Id.* The complainant's mental history was presented to the jury and trial counsel strategically chose to emphasize her drug use prior to encountering petitioner, rather than her mental health condition and medication.

In the present case, defense counsel's performance did not constitute ineffective assistance of counsel where the record shows that defense counsel carefully cross-examined the complainant and emphasized during closing argument the inconsistencies and weaknesses in the testimony given by the complainant, as well as any possible motivations for fabricating the charges against petitioner. *See Krist v. Foltz,* 804 F.2d 944, 948-49 (6th Cir. 1986); *Millender v. Adams,* 187 F. Supp. 2d 852, 872 (E.D. Mich. 2002).

Although other attorneys might have reached a different conclusion about the value of cross-examining the complainant in greater detail pertaining to her mental health history, counsel's strategic choice not to further cross-examine on this point was "'within the wide range of reasonable professional assistance.'" *See Moss v. Hofbauer,* 286 F.3d 851, 864 (6th Cir. 2002)(quoting *Strickland*, 466 U.S. at 689). Petitioner has also failed to identify how additional cross-examination would have affected the jury's decision. "The jury knew about [the complainant's mental health] and still chose to believe her over defendant." *People v. Withers*, 2013 WL 6481217 at *3. Defense counsel did not perform ineffectively by not cross-examining the complainant in connection with

her mental health history, particularly when the effect of such probing was entirely speculative on petitioner's part. *See Jackson v. Bradshaw,* 681 F.3d 753, 764-65 (6th Cir. 2012).

**B.  Claim # 2.  The sufficiency of the evidence claim.**

Petitioner alleges that the evidence presented at trial was insufficient to sustain a conviction for kidnapping and CSC I.  In his appeal of right, petitioner set forth the argument that the evidence was insufficient to support his convictions because they were based solely on the testimony of the complainant and without any corroborating physical or scientific evidence.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a

reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA."

*Id.*

On habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must therefore defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). The Court also does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

Petitioner claims that there was insufficient evidence to convict him of kidnapping and CSC I because the only evidence presented in support of the kidnapping and CSC I charges came from the testimony of the complainant.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal

14

habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Indeed, the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F.2d 1142, 1144-1145 (6th Cir. 1985).

Petitioner's first insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. Petitioner is therefore not entitled to habeas relief on this claim. See *Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

Additionally, the fact that the victim's testimony was uncorroborated does not render the evidence in this case insufficient. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000)(citing *Gilbert v. Parke,* 763 F.2d 821, 826 (6th Cir. 1985)). The victim's testimony that petitioner restrained her against her will and then sexually penetrated her was sufficient to sustain petitioner's kidnapping

and first-degree criminal sexual conduct convictions, notwithstanding the lack of physical evidence to corroborate the victim's testimony. *See O'Hara v. Brigano,* 499 F.3d 492, 500 (6th Cir. 2007). Petitioner is not entitled to relief on his second claim.

### C. Claims ## 3, 4, 5, and 6. Petitioner's remaining claims are barred by the statute of limitations.

Respondent contends that petitioner's remaining claims which he raised for the first time in his first or second amended petitions for a writ of habeas corpus are barred by the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) because the amended petitions were filed more than one year after petitioner's conviction became final and the claims raised in the amended petitions do not relate back to the claims raised by petitioner in his original habeas petition.[1]

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for a writ of

---

[1] The Court recognizes that it granted petitioner permission to file the amended habeas petition or petitions. This does not preclude respondent from raising a statute of limitations defense to these claims. A statute of limitations defense to a habeas petition is not "jurisdictional," thus, courts "are under no obligation to raise the time bar *sua sponte.*" *Day v. McDonough*, 547 U.S. 198, 205 (2006). The Court granted petitioner permission to amend his habeas petition without making any determination as to the timeliness issue. The fact that this Court granted petitioner permission to file his amended petition does not preclude respondent from raising a limitations defense to the claims raised in the amended habeas petition. *See Quatrine v. Berghuis,* No. 2:10–CV–11603; 2014 WL 793626, *2-3 (E.D. Mich. February 27, 2014);Soule v. Palmer,* No. 08–cv–13655; 2013 WL 450980, *1-3 (E.D. Mich. February 5, 2013). Although respondent could have filed an opposition to petitioner's prior motion to amend his petitions, he was not required to do so under Fed. R. Civ. P. 8 until he filed an answer to the amended petition. *See Young v. Greiner,* No. 9:02-CV-1087; 2008 WL 5432219, *9 (N.D. N.Y. December 30, 2008).

habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> 28 U.S.C. § 2244(d)(1).

A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on June 24, 2014, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day

time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on September 23, 2014, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Petitioner had until September 23, 2015, to timely file his habeas petition.

Petitioner filed his original habeas petition on June 22, 2015.[2]

Petitioner then filed an original amended habeas petition on October 23, 2015, after the one year limitations period expired. (ECF 8). This Court on September 14, 2016, granted petitioner's motion to amend the petition and held the petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims.

Petitioner did not file his post-conviction motion for relief from judgment with the state court until November 7, 2016. After the Michigan courts denied petitioner post-conviction relief, this Court on July 25, 2018, reopened the case on the Court's active docket. On August 14, 2018, petitioner filed another amended habeas petition (ECF 16), which had

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on June 22, 2015, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

18

originally been filed as a new petition in another case before being transferred to this case number. *See* Case 2:18-CV-12314.  Petitioner's remaining claims have been raised in either his first or second amended habeas petitions.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

The Court recognizes that petitioner raised ineffective assistance of counsel claims in both his original and amended habeas petitions.   In his original habeas petition, petitioner alleges that trial counsel was ineffective by failing to cross-examine the complainant in connection with her mental health issues and medications.  In his amended petitions, petitioner alleges that trial counsel was ineffective by failing to object to an improper jury instruction, failing to request DNA, rape kit results, or hire a DNA expert, failure to subpoena the lab technician, putting forth a consent defense when petitioner testified that he did not have sexual contact with

the complainant and which was not a defense to the alleged offenses, waiving the preliminary exam, failing to extensively examine the complainant at the preliminary examination and during trial, and failing to object to hearsay statements used by the prosecution to examine petitioner on cross-examination.

Although petitioner alleged ineffective assistance of counsel in his original habeas petition, it involved counsel's failure to cross-examine the complainant in connection with her mental health issues and medications. Petitioner's additional ineffective assistance of counsel claims, raised in his amended habeas petition, cannot relate back to the filing date of his original habeas petition, because they do not share a common core of operative facts with the ineffective assistance of counsel claim that he raised in the original habeas petition. *See Eller v. Bock*, 422 F. Supp. 2d 813, 818 (E.D. Mich. 2006).

Likewise, petitioner asserts that his double jeopardy claim based on the sufficiency of the evidence in his amended petition should relate back to the sufficiency of the evidence claim raised in his original petition. In his original petition, petitioner alleges that there was not sufficient evidence to sustain his convictions because it was based solely on the testimony of

the complainant and without any physical and scientific evidence.  In his

amended petition, petitioner brings a double jeopardy claim challenging

the sufficiency of the evidence to support each element of the charged

offenses.  Petitioner also brings multiple prosecutorial misconduct claims,

additional ineffective assistance of trial counsel claims, an ineffective

assistance of appellate counsel claim, and a claim that the trial court

abused its discretion by allowing hearsay into evidence.  These claims

were not raised in the Michigan courts.

None of petitioner's additional claims, that he raised for the first time

in his amended habeas petitions, share a "common core of operative

facts" with the ineffective assistance of counsel claim or sufficiency of the

evidence claim raised in his timely filed original habeas petition.  Because

none of petitioner's remaining claims raised in the amended petitions

share a common core of operative facts with the claims raised in the

original petition, these claims are barred by the one year limitations period.

*See Pinchon v. Myers,* 615 F.3d 631, 643 (6th Cir. 2010).

The AEDPA's statute of limitations "is subject to equitable tolling in

appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A

habeas petitioner is entitled to equitable tolling "only if he shows '(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.* Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 F. Appx 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting

*Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim does not establish his innocence, so as to toll the limitations period. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Any insufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond v. Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

For the reasons stated by the Assistant Michigan Attorney General in the motion to dismiss, petitioner has failed to show that his third through sixth claims have any merit. Petitioner is not entitled to habeas relief on his remaining claims.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[3] 28 U.S.C. §§ 2253(c)(1)(A),(B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

A certificate of appealability is denied because reasonable jurists would not find this Court's assessment of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional

right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A a certificate of appealability is **DENIED.**

(3) Petitioner will be granted leave to appeal *in forma pauperis.*


s/Denise Page Hood
**HON. DENISE PAGE HOOD**
**Dated: February 12, 2019**   CHIEF UNITED STATES DISTRICT JUDGE